**HILTZ v. ATLANTIC REFINING CO.**

Civ. A. No. 2571.

District Court, E. D. Pennsylvania.

March 14, 1947.

Abraham E. Freedman (of Freedman, Landy and Lorry), of Philadelphia, for plaintiff.

Otto Wolff, Jr. (of Lewis, Wolff & Gourlay), of Philadelphia, for defendant.

BARD, District Judge.

In this matter plaintiff asserted two causes of action, one for damages resulting from defendant's negligence and one for maintenance and cure. The second of these causes was submitted to the court without a jury and a finding was made and judgment entered thereon in favor of the plaintiff. No question with respect to maintenance and cure is presently before me, the sole question being with respect to the first cause of action.

The claim for damages was based on the negligence of the defendant in affording the plaintiff, an engineer employed by defendant on one of its vessels, improperly ventilated sleeping quarters. The complaint alleges that as a result thereof plaintiff's resistance became lowered and he became afflicted with tuberculosis. The evidence tended to show that plaintiff's quarters were badly and improperly ventilated and that as a result thereof he was obliged to sleep on deck and be exposed to the weather, and that he contracted a severe cold and cough. At the end of the voyage he was found to be suffering from an advanced case of tuberculosis.

This issue was tried before a jury to which I submitted, as the controlling question of liability, whether the tuberculosis was the result of defendant's negligence in not affording plaintiff properly ventilated sleeping quarters. The jury found a verdict for the defendant and also answered special interrogatories. In its answer to these interrogatories the jury found that defendant was negligent in the manner in which it heated and ventilated plaintiff's sleeping quarters, but that plaintiff was afflicted with active tuberculosis when he entered defendant's employ and that the negligence of the defendant was not a substantial factor in precipitating plaintiff's active tuberculosis.

A motion for a new trial having been denied, plaintiff appealed to the Circuit Court of Appeals, which reversed the judgment in favor of the defendant and ordered a new trial. 151 F.2d 159. The basis of the ruling of the Circuit Court of Appeals was that there was error in excluding, under the circumstances in this case, the question whether defendant's negligence aggravated the plaintiff's condition, even though this issue had not been created by the pleadings. By agreement of counsel, this question was submitted to the court for determination on the existing record. In addition to the findings of fact previously made by me in connection with the maintenance and cure cause of action,[1] I make the following special finding of fact:

■ 1. The negligence of the defendant in the manner in which it heated and ventilated plaintiff's sleeping quarters aggravated his existing tuberculosis.

## Discussion

The medical testimony demonstrates beyond a doubt that at the end of the voyage plaintiff had a serious and advanced case of tuberculosis which had its origin long prior to the voyage and to the negligence on which plaintiff's claim was based. It is further clear from the medical testimony that prolonged rest was the fundamental prerequisite to plaintiff's treatment and hope of recovery. The doctors were in accord that any work, and particularly the duties of plaintiff aboard ship and the conditions under which he performed them—wholly

---

[1] No opinion for publication.

apart from the matter of his sleeping quarters—definitely aggravated his tuberculosis. I have, however, little doubt that the fact that plaintiff was exposed to the weather as a result of his improperly ventilated sleeping quarters further weakened his resistance and aggravated his existing condition.

■ The problem before me is to ascertain the extent of such aggravation and to evaluate it in damages. Plaintiff urges that his subsequent hospitalization, treatment, pain and suffering, inability to work, and loss of earning stemmed directly and almost solely from defendant's negligence. With this I cannot agree. I cannot help but conclude from the medical testimony that these results would have inevitably occurred regardless of the fact that plaintiff was obliged to sleep on deck. The most that can be attributed to defendant's negligence is a hastening of these results and the incursion of certain early pain and suffering aboard ship that he might not otherwise have suffered. I fix the damages therefor at $1,500.

### Conclusions of Law.

1. Plaintiff's damages from the aggravation of his tubercular condition because of defendant's negligence are in the amount of $1,500.

2. Judgment is entered in favor of plaintiff against defendant for $1,500.